IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**JESUS GABRIEL GELLA**, individually,
and on behalf of all other employees of
Defendants similarly situated,

        Plaintiff,

vs.

**AMERICAN FINANCIAL FREEDOM, LLC,**
a Florida limited liability company, d/b/a
**GLOBELEND CAPITAL**, **ALEXANDER ROSHKO**, individually, and **OLIVER SALMERON**,
individually,

        Defendants.
_____/

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT, VIOLATION OF THE FLORIDA WHISTLEBLOWER'S ACT, INVASION OF PRIVACY, AND BREACH OF CONTRACT

COMES NOW Plaintiff JESUS GABRIEL GELLA ("Plaintiff"), by and through his undersigned counsel, and files this Complaint for Violation of the Fair Labor Standards Act, Violation of the Florida Whistleblower's Act, Invasion of Privacy, and Breach of Contract against Defendants AMERICAN FINANCIAL FREEDOM, LLC, a Florida limited liability company, d/b/a GLOBELEND CAPITAL ("GLOBELEND"), ALEXANDER ROSHKO ("ROSHKO"), and OLIVER SALMERON ("SALMERON") (GLOBELEND, ROSHKO and SALMERON collectively referred to as the "Defendants"), and alleges as follows:

1

## GENERAL ALLEGATIONS

1. Plaintiff, who was employed by GLOBELEND from approximately December 1, 2014 through October 21, 2016, brings this action against GLOBELEND, ROSHKO, and SALMERON on behalf of himself and other employees of Defendants similarly situated, to redress the deprivation of rights secured to Plaintiff and other employees of Defendants similarly situated by the minimum wage and maximum hour provisions and to recover unpaid minimum wages and overtime compensation, liquidated damages, attorney's fees and costs pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA").

2. Plaintiff also raises separate causes of action against the Defendants (a) under the FLSA for retaliation, (b) under the Florida Whistleblower's Act, Florida Statutes §112.3187 et seq., for retaliation, (c) under Florida law for invasion of privacy, and (d) common law breach of contract due to failure to pay commissions.

3. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

4. Supplemental jurisdiction of the state law causes of action are conferred on this Court by 28 U.S. Code § 1367 relating to "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue is proper with this Court because the acts and omissions set

2

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

forth herein occurred within the territorial jurisdiction and district of this Court.

6. At all times material hereto, the Plaintiff was a resident of the County of Miami-Dade, Florida.

7. At all times material hereto, GLOBELEND was a company doing business in Florida with its previous business address at 2020 N.E. 163rd Street, 3rd Floor, North Miami Beach, Florida 33162, and current business address at 1111 Park Center Boulevard, Suite 425, Miami Gardens, Florida 33169 in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a lending company in Miami-Dade County, Florida.

8. During the time period from approximately December 1, 2014 through to October 21, 2016, GLOBELEND employed Plaintiff and others similarly situated as "at-will", nonexempt, employees in various positions in GLOBELEND in Miami-Dade County, Florida.

9. Plaintiff is informed and believes that at all times material hereto, Defendant ROSHKO was a resident of the County of Miami-Dade, State of Florida.

10. Plaintiff is informed and believes that at all times material hereto, Defendant SALMERON was a resident of the County of Miami-Dade, State of Florida.

11. At all times material hereto, Defendant ROSHKO was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiff and others similarly situated within the meaning of 29 U.S.C. §203(d) in that Defendant ROSHKO was the Managing Member of Defendant GLOBELEND and acted directly

3

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

in the interest of GLOBELEND in relation to its employees, including Plaintiff and other employees of GLOBELEND similarly situated.

12. At all times material hereto, Defendant SALMERON was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiff and others similarly situated within the meaning of 29 U.S.C. §203(d) in that Defendant SALMERON acted directly in the interest of GLOBELEND in relation to its employees, including Plaintiff and other employees of GLOBELEND similarly situated.

13. Plaintiff is informed and believes and hereby alleges that during the relevant time periods material hereto, GLOBELEND's gross annual revenues were in excess of $500,000.00. See Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

14. At all times material hereto, GLOBELEND was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, GLOBELEND operated a commercial lending company that provided services in interstate commerce and handled and sold goods that were produced or moved in interstate commerce.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

15.     By reason of the foregoing, GLOBELEND was all times hereafter mentioned engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

16.     At all times material hereto, Plaintiff and other employees of Defendants similarly situated in performing their job duties were engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiff and other employees of Defendants similarly situated was directly essential to the business of GLOBELEND, i.e., working as a loan officers or loan originators for GLOBELEND, which was directly essential to the business operated by GLOBELEND. Furthermore, Plaintiff and other employees of Defendants similarly situated were engaged in handing goods in commerce because Plaintiff and others similarly situated regularly and recurrently handled goods produced outside of the State of Florida. See 29 C.F.R. §779.114.

17.     As loan officers or loan originators for the Defendants, Plaintiff and other employees of Defendants similarly situated were paid only on a commission basis and only for the loans that they originated.

18.     As loan officers or loan originators for the Defendants, Plaintiff and other employees of Defendants similarly situated were not paid on an hourly basis as required by the FLSA.

19.     At all times material hereto, Plaintiff and others similarly situated did not have a clear understanding as to how they were to be compensated with respect to their work.

5

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

20. Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count I.

21. During the period of time from approximately December 1, 2014 to October 21, 2016, Plaintiff worked as a non-exempt loan officer or loan originator for Defendant GLOBELEND.

22. During the mentioned period of time, Plaintiff worked as much as sixty-five (65) to seventy (70) hours per week for the Defendants.

23. Plaintiff was not paid as required by law because in many weeks, Plaintiff was not paid any amounts whatsoever for the hours that he worked.

24. Defendants paid Plaintiff and others similarly situated exclusively on a commission basis, despite the fact that Plaintiff and other employees of Defendants similarly situated were at-will employees who were required to be paid on an hourly basis as required by the FLSA.

25. As such, Defendants owe Plaintiff minimum wages for the weeks during which Plaintiff was not paid any wages.

26. Other employees of Defendants similarly situated to Plaintiff were subjected to the same practices as Plaintiff as mentioned above and worked similar hours and were not compensated as required by the FLSA.

**Fowler Rodriguez LLP**
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

27. Defendants knew or should have known that Plaintiff and others similarly situated suffered or were permitted to work for GLOBELEND as defined in 29 U.S.C. §203(g).

28. Defendants failed and/or refused to compensate Plaintiff and others similarly situated for such work at the federally mandated minimum wages, contrary to the provisions of the FLSA.

29. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

30. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff and other employees of Defendants similarly situated.

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

31. Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count II.

32. During the period of time from approximately December 1, 2014 to October 21, 2016, Plaintiff worked as a non-exempt loan officer or loan originator for Defendant GLOBELEND.

33. During the mentioned period of time, Plaintiff worked as much as sixty-five (65) to seventy (70) hours per week for the Defendants.

7

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

34. During the mentioned period of time, Plaintiff was not paid any overtime compensation for the hours that he worked over forty (40) per week.

35. As such, Plaintiff is owed overtime compensation, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that he worked over forty (40) per week.

36. Other employees of Defendants similarly situated to Plaintiff were subjected to the same practices as Plaintiff and worked similar hours and were not compensated as required by the FLSA.

37. Defendants knew or should have known that Plaintiff and others similarly situated suffered or were permitted to work for GLOBELEND as defined in 29 U.S.C. §203(g).

38. Defendants failed and/or refused to compensate Plaintiff and others similarly situated for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

39. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

40. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff and other employees of Defendants similarly situated.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

COUNT III
RETALIATION IN VIOLATION OF THE
FAIR LABOR STANDARDS ACT BY DEFENDANTS

41. Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count III.

42. Towards the end of his employment with Defendants, Plaintiff complained on several occasions regarding the failure of Defendants to pay him the appropriate minimum wages for the regular hours that he worked and the overtime compensation for the hours that he worked over forty (40) during a workweek. Specifically, Plaintiff complained to Defendants ROSHKO and SALMERON that if he was not compensated properly for his work, he would file a complaint with the U.S. Department of Labor Wage & Hour Division.

43. Such complaints about not receiving the appropriate minimum wages and overtime compensation constitute statutorily protected activity under the FLSA and other employment laws.

44. Following Plaintiff's complaints as aforementioned, Defendants terminated Plaintiff's employment in retaliation.

45. The termination of Plaintiff's employment because of his complaints constitutes adverse employment action by Defendants, such action being willful and/or flagrant because Defendants knew that Plaintiff was entitled to minimum wages and overtime compensation for his work.

46. Such adverse employment action is directly and causally related to Plaintiff's complaints as aforementioned.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

## COUNT IV
## RETALIATION IN VIOLATION OF THE
## FLORIDA WHISTLEBLOWER'S ACT BY DEFENDANTS

47. Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count IV.

48. During his employment with Defendants, Plaintiff witnessed what he thought was the altering of financial information provided by clients on loan applications.

49. The altering of financial information by the loan originator or broker on loan documentation is illegal under both federal and state law.

50. Approximately three months prior to the termination of his employment, Plaintiff complained to Defendants ROSHKO and SALMERON on several occasions regarding the fact that there may have been the illegal altering of financial information on the loan applications of clients.

51. Plaintiff stated to Defendants ROSHKO and SALMERON on several occasions that if the Defendants did not stop the practice, the Plaintiff would report the Defendants to the appropriate governmental authorities.

52. Such complaints about the altering of financial information constitute statutorily protected activity under the Florida Whistleblower's Act, Florida Statutes §112.3187 et seq.

53. Following Plaintiff's complaints as aforementioned, Defendants terminated Plaintiff's employment in retaliation.

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

54. The termination of Plaintiff's employment because of his complaints constitutes adverse employment action by Defendants, such action being willful and/or flagrant because Defendants knew that Plaintiff's complaints were protected activity under the Florida Whistleblower's Act, Florida Statutes §112.3187 et seq.

55. Such adverse employment action is directly and causally related to Plaintiff's complaints as aforementioned.

## COUNT V
## INVASION OF PRIVACY BY DEFENDANTS

56. Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count V.

57. During the time period that Plaintiff was employed by the Defendants, Plaintiff parked his private motor vehicle in the parking lot of the building where Plaintiff worked.

58. Plaintiff had a reasonable expectation of privacy with respect to his private motor vehicle and the things inside his motor vehicle, particularly since the Plaintiff never used his motor vehicle for work purposes.

59. Defendants unlawfully and without permission absconded with the keys to Plaintiff's motor vehicle and intruded into the private motor vehicle of the Plaintiff that was parked at the facilities of the Defendant GLOBELEND. Defendants thereafter searched Plaintiff's motor vehicle without permission from the Plaintiff.

60. Such intrusion into Plaintiff's privacy was highly offensive to the Plaintiff because he had a reasonable expectation of privacy with respect to his

11

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

private motor vehicle and with respect to his belongings in his motor vehicle, particularly since he never used his motor vehicle for work purposes.

61.     Plaintiff suffered emotional distress because of the unlawful intrusion into his privacy constituting an invasion of privacy perpetrated by the Defendants.

## COUNT VI
## BREACH OF CONTRACT BY DEFENDANT GLOBELEND

62.     Plaintiff realleges and reaffirms Paragraphs 1 through 19 as if fully set out in this Count VI.

63.     During the relevant time period and just prior to the termination of Plaintiff's employment with Defendants, the Defendants promised to pay the Plaintiff commissions of $14,000 in exchange for Plaintiff's assistance in originating a loan from a particular customer.

64.     Plaintiff successfully complied with what was requested by the Defendants in connection with the loan and subsequently the loan transaction closed.

65.     However, Plaintiff was never paid the commission that he was promised.

66.     As such, Defendants have breached their promise to Plaintiff and owe Plaintiff the commission agreed upon.

67.     Plaintiff has been damaged in that he performed the work that was requested, but Defendants never complied with their end of the bargain.

## PRESUIT DEMAND

68.     On November 29, 2016, Plaintiff, through undersigned counsel, sent (via Federal Express Overnight Courier) a written demand to Defendants, as owners,

12

managers and administrators of GLOBELEND, pursuant to Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983); Perez v. Palermo Seafood, Inc., 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008) demanding that the Defendants pay the amounts owed to the Plaintiff under the FLSA.  Defendants, however, failed and refused to pay the amounts owed to Plaintiff.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

69. Plaintiff, by and through his undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants as follows:

(a) Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the minimum and overtime wage provisions of the FLSA;

(b) Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA;

(c) Awarding Plaintiff and others similarly situated compensation for all hours that they worked for Defendants, but for which they were not compensated at the statutory federally mandated minimum and overtime wages;

(d) Awarding Plaintiff and others similarly situated liquidated damages;

13

Fowler Rodriguez LLP
355 Alhambra Circle, Suite 801, Coral Gables, Florida 33134 Tel: (786) 364-8400 / Fax: (786) 364-8401

(e)     Awarding Plaintiff damages due to lost wages, mental anguish, loss of dignity, and other intangible injuries arising from Defendants' retaliation against Plaintiff;

(f)     Awarding Plaintiff the commissions that Defendants agreed to pay the Plaintiff;

(g)     Awarding Plaintiff damages due to mental anguish, loss of dignity, emotional distress, and other intangible injuries arising from Defendants' intrusion into his privacy;

(h)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b) and the Florida Whistleblower's Act; and

(i)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 21st day of March, 2017.

FOWLER RODRIGUEZ LLP

By: s/Santiago J. Padilla
    Santiago J. Padilla, Esq.
    (Fla. Bar No.: 037478)
    E-Mail:  spadilla@frfirm.com

    Santiago J. Padilla, Esq.
    FOWLER RODRIGUEZ LLP
    355 Alhambra Circle, Suite 801
    Coral Gables, Florida 33134
    Telephone:  (786) 364-8400
    Facsimile:  (786) 364-8401
    Attorneys for Plaintiff