UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-21068-CIV-MORENO

JESES GABRIEL GELLA, individually, and on
behalf of all others similarly situated,

    Plaintiff,

vs.

AMERICAN FINANCIAL FREEDOM, LLC,
et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss or Stay Litigation and Compel Arbitration. Plaintiff alleges Defendants violated the minimum wage and overtime provisions of the Fair Labor Standards Act, retaliated against him by terminating his employment after he complained of Defendants' violations, breached his privacy by searching his car, and breached a contract by failing to pay him a promised commission. Defendants maintain these disputes should be resolved at arbitration pursuant to the Sales Agent Agreement Plaintiff signed before beginning his employment as an independent contractor with GLOBELEND. The Court agrees.

The arbitration clause in the Sales Agent Agreement reads:

> **DISPUTE RESOLUTION – ARBITRATION/MEDIATION.** In the event of a dispute between the IC/ISO which might include but not be limited to compensation issues, policy and procedure issues et., which cannot be resolved through internal company protocol, both parties agree to submit to Arbitration in the State of Florida under an Arbitrator and guidelines established/sanctioned by the American Arbitration Association. Both parties agree to accept the ruling of the Arbitrator and the prevailing party shall be entitled to receive from the other party all costs and reasonable fees, including but not limited to fees for arbitration/mediation or other legal proceedings.

Plaintiff does not dispute he signed the Agreement, but nevertheless believes arbitration is improper. Specifically, he maintains "the arbitration provisions of the Sales Agreement (a) are procedurally and substantively unconscionable because the Sales Agent Agreement was presented to the Plaintiff on a 'take-it-or-leave-it' basis, and its terms impose on the Plaintiff potential substantial and prohibitive costs, (b) effectively hinder and preclude the Plaintiff from vindicating his federal statutory rights under the FLSA because the arbitrations provisions are silent on which party is to assume the considerable costs of arbitration imposing on the Plaintiff significant expenses and denying the Plaintiff accessible forum to vindicate his statutory rights, and (c) contradict and defeat the remedial purpose of the FLSA, under which the Plaintiff brought suit, because they deter the Plaintiff and others similarly situated from bringing a claim and seeking redress against the Defendants' wrongdoings due to the risk of assuming liability for the attorneys' fees incurred by the Defendants in the event they prevail in this action." These arguments are unavailing.

First and foremost, the costs and fees of the arbitration are governed by the American Arbitration Association's Employment Arbitration Rules and Mediation Procedures. This is specifically mentioned in the Agreement's arbitration clause. The Court is also unpersuaded by Plaintiff's argument that the arbitration clause was hidden. Plaintiff clearly initialed the page with the relevant clause and should have consulted a professional if he truly did not understand

what he was signing. Furthermore, the Eleventh Circuit has held that arbitral forums are proper for cases involving alleged violations of statutes, such as the Fair Labor Standards Act. "After examining the FLSA's text, legislative history, purposes, and these Supreme Court decisions, we discern no 'contrary congressional command' that precludes the enforcement of plaintiffs' Arbitration Agreements. [T]he FLSA contains no explicit provision precluding arbitration." *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1334 (11th Cir. 2014).

For the foregoing reasons, the Complaint is dismissed with prejudice. Plaintiff's grievances should be addressed at arbitration.

DONE AND ORDERED in Chambers at Miami, Florida, this ___11___ of July 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record